**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JORGE ANTONIO TORRES a/k/a MARTIN MONTANEZ RINCON, | : : | DIVERSITY |
| Plaintiff, | : : | 28 U.S.C. § 1332 |
| v. | : : | CIVIL ACTION NO. 1:12-CV-3844-WSD-JSA |
| WALMART STORES, INC.; JOHN DOE #1, | : : : | |
| Defendants. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Plaintiff Jorge Antonio Torres a/k/a Martin Montanez Rincon filed the instant *pro se* civil action pursuant to 28 U.S.C. § 1332 while he was confined at the Federal Correctional Institute in Victorville, California. (Doc. 1). The matter is now before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915(e)(2).

I.   <u>28 U.S.C. § 1915(e)(2) Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to conduct an initial screening of a complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or

in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

II.   Discussion

Plaintiff, a resident of Georgia prior to his incarceration, has sued Walmart, a company incorporated in Arkansas. Plaintiff alleges that on September 12, 2009, while he was residing in Georgia, he entered the Walmart store in Lithia Springs. While Plaintiff was walking through the store, a Walmart employee struck his leg with a floor cleaning machine, causing him to suffer severe and permanent injuries to his knee and back, requiring surgery, ongoing chronic medical treatment, lost wages, over $40,000.00 in medical and attorneys' fees, and emotional suffering.

Plaintiff asserts that this Court has jurisdiction pursuant to four statutes: (1) 28 U.S.C. § 1331, which bestows federal question jurisdiction; (2) 28 U.S.C. § 1332, which bestows diversity jurisdiction; (3) 28 U.S.C. § 1343(a)(1), which bestows jurisdiction in civil rights cases; and (4) 28 U.S.C. § 1367, which bestows supplemental jurisdiction to this Court over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

2

Plaintiff purportedly asserts federal question jurisdiction under 42 U.S.C. § 1983. *See, e.g., Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 552 (6th Cir. 2012) (stating that 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart of 42 U.S.C. § 1983). He does not allege, however, that Walmart acted under color of state law. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." *Harvey v. Harvey*, 949 F.2d 1127, 1130, 1132-33 (11th Cir. 1992). Given this standard, none of Plaintiff's allegations would support a finding that Walmart is a state actor, and he therefore has failed to state a cause of action under the civil rights statutes.

Diversity jurisdiction requires complete diversity of the parties – *i.e.*, every plaintiff must be diverse from every defendant – and that the amount in controversy exceed $75,000.00. 28 U.S.C. § 1332(a); *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Even if Plaintiff has satisfied these prerequisites, however, Plaintiff's complaint is barred by the statute of limitations.

3

AO 72A
(Rev.8/82)

Where federal jurisdiction is founded upon diversity of citizenship, the statute of limitations is governed by state law. *Continental Cas. Co. v. City of Jacksonville, Fla.*, 283 F. App'x 686, 688 (11th Cir. 2008) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006). This Court must look to Georgia law to determine whether the suit was validly commenced within the statute of limitations. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980) ; *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110-11 (1945); *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1233 (11th Cir. 1983).

Plaintiff essentially claims that he was personally injured based upon Walmart's negligence. Georgia's statute of limitations for personal injury actions, including those caused by negligence, is two years after the action accrues. *See* O.C.G.A. § 9-3-33; *M.H.D. v. Westminster Schools*, 172 F.3d 797, 803 (11th Cir. 1999). Plaintiff's claim accrued on September 12, 2009, the date he was hit by the Walmart employee and suffered his injuries. *See*, *e.g.*, *Aucoin v. Connell*, 209 F. App'x 891, 893 (11th Cir. 2006) (holding negligence action based on car accident accrued on the date of the accident). The instant action, filed over three years later

4

on November 1, 2012, is untimely. Accordingly, this case should be dismissed as time-barred. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.] . . .").

III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Juge.

**IT IS SO RECOMMENDED** this 18th day of June, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)