IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JORGE ANTONIO TORRES a/k/a
MARTIN M. RINCON,

                **Plaintiff,**

    v.                                    **1:12-cv-3844-WSD**

WAL-MART STORES, INC. and
JOHN DOE #1,

                **Defendants.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Magistrate Judge Justin S. Anand's Final

Report and Recommendation [16] ("R&R") recommending that this action be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  Also before the Court

is Plaintiff's Motion for Service of Process [14].

## I.      BACKGROUND

On November 1, 2012, Plaintiff Jorge Antonio Torres a/k/a Martin M.

Rincon ("Plaintiff"), an inmate at a federal prison in Victorville, California

proceeding *pro se* and *in forma pauperis*, filed this personal injury action against

Defendants Wal-Mart Stores, Inc. ("Walmart") and John Doe #1 ("Doe")

(collectively, "Defendants").  In his Complaint [2], Plaintiff alleges that, on

September 12, 2009, before he was incarcerated, he was injured in a Walmart store in Lithia Springs, Georgia when a Walmart employee struck Plaintiff's leg with a floor cleaning machine.  He asserts state law claims for negligence against Defendants.

On June 18, 2013, after reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), Magistrate Judge Anand issued his R&R recommending that this action be dismissed as frivolous.  Judge Anand first found that the Court does not have federal question jurisdiction over this matter because, despite the Complaint's citation to federal civil rights statutes, Plaintiff has not asserted a civil rights action against Defendants.  Judge Anand next found that, although the Court may have diversity jurisdiction over the case, Plaintiff's claims are barred by the applicable statute of limitations.  Judge Anand specifically noted that the statute of limitations for personal injury actions in Georgia is two years from the date of injury and that Plaintiff's injuries occurred more than three years before the filing of this action.

On July 8, 2013, Plaintiff filed his Objections [18] to the R&R.  Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff asserted federal question jurisdiction only under the civil rights statutes, that the Court lacks

diversity jurisdiction over this matter, and that Plaintiff's claims are time barred.[1]

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.    Review of R&R

Plaintiff objects to the Magistrate Judge's findings regarding the Court's subject matter jurisdiction and the applicability of the statute of limitations.[2]

---

[1] On May 15, 2013, Plaintiff filed his Motion for Service requesting that service be made by a United States Marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure.

[2] Although Plaintiff did not raise his arguments before the Magistrate Judge, the Court fully considers them because the R&R was issued *sua sponte*.  Cf. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

1.      *Subject Matter Jurisdiction*

Plaintiff first objects that the Magistrate Judge failed to consider Plaintiff's assertion of federal jurisdiction under 28 U.S.C. §§ 1331 and 1367.  Section 1331 confers federal courts with jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," and Section 1367 confers supplemental jurisdiction over claims related to those over which the Court has jurisdiction under Section 1331.  Plaintiff's Complaint asserts only state law claims.  The Court does not have jurisdiction over the claims under either Section 1331 or Section 1367 and could have only diversity jurisdiction.

Plaintiff further objects that the Magistrate Judge found that diversity jurisdiction is lacking.  Plaintiff misreads the R&R.  In it, Judge Anand did not consider whether diversity jurisdiction exists in this matter but assumed that it *does* for purposes of his statute of limitations analysis.  Plaintiff's objections regarding the Court's subject matter jurisdiction are overruled.[3]

2.      *Statute of Limitations*

Plaintiff next objects to the Magistrate Judge's finding that this action is barred by the two-year statute of limitations for personal injury actions.  Plaintiff

---

[3] As discussed below, after considering Plaintiff's objections to the R&R, the Court independently addresses the existence of diversity jurisdiction in this matter.

argues that the period of limitations was tolled because he previously filed suit against Defendants, on the same claims asserted here, in state court and that the state court action was dismissed, for want of prosecution, less than six months before initiating this action.  With his Objections, Plaintiff submitted a docket sheet from the State Court of Gwinnett County showing that a case, styled Torres v. Walmart Stores et al., was filed on October 21, 2010.  Plaintiff also submitted an order, entered by the State Court of Gwinnett County on May 14, 2012, dismissing the case for want of prosecution.

When reviewing a complaint for frivolity under 28 U.S.C. § 1915(e)(2), a court may dismiss the action as time-barred only if it "appear[s] beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar."  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting Leal v. Ga. Dep't of Corrections, 254 F.3d 1276, 1280 (11th Cir. 2001)).  When the period of limitations may be subject to tolling, this standard is not satisfied and the plaintiff should be given leave to file an amended complaint pleading facts to establish that his claim is not time-barred.  See id.; see also Leal, 254 F.3d at 1280 (remanding case to district court after *sua sponte* dismissal because plaintiff showed that limitations period may have been tolled).

Under Georgia law, a case that has been dismissed for want of prosecution

may be "recommenced in a [state court] or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." See O.C.G.A. § 9-2-61(a); White v. KFC Nat's Mgmt. Co., 493 S.E.2d 244, 245 (Ga. Ct. App. 1997). On this basis, the Court finds that Plaintiff's claims may not be time-barred. Plaintiff's objection is sustained, and he may file an amended complaint that expressly alleges why his claims are not time-barred.

      C.    Diversity Jurisdiction

Because the Court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking," the Court also considers whether diversity jurisdiction does, in fact, exist in this matter. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

Although the Complaint seeks an award of $500,000 in compensatory damages and thus satisfies the amount in controversy, the Complaint does not properly allege the citizenship of the parties. As for himself, Plaintiff alleges only

that he "was domiciled in Astell, Georgia" on the date of his injuries.  This

allegation is not sufficient because "[c]itizenship for diversity purposes is

determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420

F.3d 1234, 1239 (11th Cir. 2005).[4]

As for Walmart, Plaintiff alleges only that it is "a corporation organized and

existing under the laws of the State of Arkansas."  For purposes of diversity

jurisdiction, a corporation is a citizen of both its state of incorporation *and* the state

in which it has its principal place of business.  Rolling Greens MHP, L.P. v.

Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (citing

28 U.S.C. § 1332(c)(1)).  Plaintiff's Complaint does not show the state in which

Walmart has its principal place of business.[5]

---

[4] The Court notes that a "prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974).

[5] Although the Complaint also names Doe as a Defendant, the Complaint does not describe Doe or assert any claims against Doe.  "As a general matter, fictitious-party pleading is not permitted in federal court."  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  While courts have made exceptions when the plaintiff specifically describes an individual without stating his or her name precisely or correctly, Plaintiff has not provided any description of Doe in this case.  See id. The Court finds that Plaintiff's claims against Doe are required to be dismissed, and the Court does not consider Doe in evaluating the Court's subject matter jurisdiction.

Because the Complaint fails to show the parties' citizenship, the Court is not able to determine whether it has subject matter jurisdiction over this proceeding. In his amended complaint, Plaintiff is required to allege sufficient facts to show the Court's jurisdiction.  See Travaglio v. Am. Express Co., No. 11-15292, 2013 WL 4406389, at *2–3 (11th Cir. Aug. 19, 2013) (publication pending) (holding that court must dismiss action for lack of subject matter jurisdiction unless pleadings or "sworn" evidence establishes jurisdiction).[6]

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [16] is **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against John Doe #1 are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff file, on or before November 4, 2013, an amended complaint that complies with this Order, including by asserting that this action was timely filed on November 1, 2012, and by asserting facts sufficient to allege that this Court has subject matter jurisdiction over this matter.

_____

[6] Because Plaintiff is required to file an amended complaint, Plaintiff's Motion for Service is denied without prejudice.  Plaintiff may re-file the Motion for Service after he files an amended complaint.

Failure to file, on or before November 4, 2013, the amended complaint allowed by this Order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process [14] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to Magistrate Judge Justin S. Anand for further proceedings consistent with this Order.

**SO ORDERED** this 26th day of September, 2013.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE