**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JORGE ANTONIO TORRES a/k/a | : | |
| MARTIN MONTANEZ RINCON, | : | DIVERSITY |
| Plaintiff, | : | 28 U.S.C. § 1332 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-3844-WSD-JSA |
| WALMART STORES, INC.; | : | |
| JOHN DOE #1, | : | |
| Defendants. | : | |

**O R D ER**

On June 18, 2013, the undersigned entered a report and recommendation ("R&R) which assumed, without deciding, that diversity jurisdiction had been met and recommended that the instant *pro se* civil action be dismissed as untimely. (Doc. 16). After Plaintiff filed objections to the R&R, U.S. District Judge William S. Duffey, Jr. entered an Order on September 27, 2013. (Doc. 19).

In the September 27, 2013, Order, Judge Duffey determined, *inter alia*, that: (1) Plaintiff's state court lawsuit may have tolled the statute of limitations and rendered this action timely [*Id.* at 6];[1] and (2) because Plaintiff did not properly allege the citizenship of the parties, it is not clear whether diversity jurisdiction

---

[1] The undersigned notes that Plaintiff did not provide information about the state court lawsuit until he filed his objections. (*See* Docs. 1, 18, 19).

exists [*Id.* at 6-7]. Based on these conclusions, Judge Duffey declined to adopt the R&R, and ordered Plaintiff to amend the complaint by: (1) expressly alleging why his claims are not time-barred; and (2) asserting facts sufficient to allege diversity jurisdiction. (*Id.* at 6, 8-9).

Plaintiff filed an amended complaint on November 7, 2013. (Doc. 21). In that amended complaint, Plaintiff first claims that he did not have enough time to respond to the Court's instructions because he did not receive Judge Duffey's Order until October 24, 2013.[2] (*Id.* at 1-3). Despite this caveat, Plaintiff nevertheless attempts to comply with the Court's first set of instructions by providing more information about his state court lawsuit and how that action renders the instant action within the statute of limitations. With regard to the issue of citizenship, however, Plaintiff still does not assert facts sufficient to allege diversity jurisdiction but instead merely quotes the law. (*Id.* at 5-6). In light of Plaintiff's *pro se* status and his claim that he did not have sufficient time to respond to this Court's Order, the Court will provide Plaintiff with one more

---

[2] According to the docket, the Clerk sent the September 27, 2013, Order to Plaintiff on that same date, and again on October 17, 2013, after Plaintiff requested a status update. Plaintiff apparently only received the Order after the Clerk mailed it a second time.

2

chance to comply with the instructions set forth in Judge Duffey's September 27, 2013, Order.

**IT IS THEREFORE ORDERED** that Plaintiff must **AMEND** the complaint within thirty (30) days of the date of this Order by asserting *facts* properly alleging citizenship of the parties. Specifically, Plaintiff should allege the following facts: (1) where Plaintiff was domiciled immediately prior to being incarcerated;[3] and (2) in what state Walmart has its principle place of business. This action shall proceed no further until Plaintiff files his amended complaint. Plaintiff is admonished that failure to timely submit an amended complaint which conforms to this Court's instructions may result in dismissal of this action pursuant to Local Rule 41.3, N.D. Ga.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking a status update [Doc. 20] be **DENIED AS MOOT**.

---

[3] As noted by Judge Duffey, "[c]itizenship for diversity purposes is determined at the time the suit is filed." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Moreover, a federal prisoner retains the domicile he had prior to his incarceration. *Polakoff v. Henderson*, 370 F. Supp. 690, 692 (N.D. Ga. 1973), *aff'd*, 488 F.2d 977 (5th Cir. 1974).

3

The Clerk is **DIRECTED** to **RESUBMIT** this action to the undersigned Magistrate Judge upon expiration of the aforementioned time period.

**IT IS SO ORDERED** this 12th day of November, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE