**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JORGE ANTONIO TORRES a/k/a | : | |
| MARTIN MONTANEZ RINCON, | : | DIVERSITY |
| Plaintiff, | : | 28 U.S.C. § 1332 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-3844-WSD-JSA |
| WALMART STORES, INC., | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S ORDER AND NON-FINAL REPORT AND RECOMMENDATION

On June 18, 2013, the undersigned entered a report and recommendation ("R&R) which assumed, without deciding, that diversity jurisdiction had been met and recommended that the instant *pro se* civil action be dismissed as untimely. (Doc. 16).  After Plaintiff filed objections to the R&R, U.S. District Judge William S. Duffey, Jr. entered an Order on September 27, 2013.  (Doc. 19).

In the September 27, 2013, Order, Judge Duffey determined, *inter alia*, that: (1) Plaintiff's state court lawsuit may have tolled the statute of limitations and rendered this action timely [*Id.* at 6];[1] and (2) because Plaintiff did not properly allege the citizenship of the parties, it is not clear whether diversity jurisdiction

---

[1] As noted by the undersigned and Judge Duffey, Plaintiff did not provide information about the state court lawsuit until he filed his objections to the R&R. (*See* Docs. 1, 18, 19).

exists [*Id.* at 6-7].  Based on these conclusions, Judge Duffey declined to adopt the R&R, and ordered Plaintiff to amend the complaint by:  (1) expressly alleging why his claims are not time-barred; and (2) asserting facts sufficient to allege diversity jurisdiction.[2]  (*Id.* at 6, 8-9).  The matter is now ripe for another frivolity screening based on the allegations of diversity of citizenship and timeliness in Plaintiff's amended pleadings.  (Docs. 21, 27).

**IT IS RECOMMENDED** that Defendants' motion to dismiss pursuant to this Court's order [Doc. 28] be **DENIED**.

I.       28 U.S.C. § 1915(e)(2) Frivolity Review

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to conduct an initial screening of a complaint to determine whether the action is:  (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court

---

[2] Judge Duffey found that Plaintiff had satisfied the amount in controversy requirement.  (Doc. 19 at 6).

2

also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

II.   Discussion

Plaintiff has sued Walmart, a company incorporated in Delaware with its principal place of business in Arkansas. Plaintiff alleges that he is not a legal citizen of the United States but is a citizen of Mexico, and he was domiciled in the State of Georgia prior to his incarceration. (Doc. 27 at 4-5). Plaintiff complains that on September 12, 2009, while he was residing in Georgia, he entered the Walmart store in Lithia Springs. While Plaintiff was walking through the store, a Walmart employee struck his leg with a floor cleaning machine, causing him to suffer severe and permanent injuries to his knee and back, requiring surgery, ongoing chronic medical treatment, lost wages, over $40,000.00 in medical and attorneys' fees, and emotional suffering. Plaintiff seeks $500,000.00 in compensatory damages as well as punitive damages.

A.   Diversity Jurisdiction

Diversity jurisdiction, as a general rule, "'requires complete diversity; every plaintiff must be diverse from every defendant.'" *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221 (11th Cir. 2013) (citations omitted).

3

For purposes of diversity jurisdiction, Plaintiff is a citizen of Mexico and Walmart is a citizen of both Arkansas and Delaware.  *See* 28 U.S.C. § 1332(a)(2) (stating that diversity exists between citizens of a State and citizens of a foreign state unless the citizen of the foreign state is lawfully admitted for permanent residence in the United States and is domiciled in the same State); 28 U.S.C. § 1332(c) (stating that a corporation is deemed a citizen of its state of incorporation and its principal place of business); *Christman v. Jackson Hewitt, Inc.*, 379 F. App'x 956, 958 (11th Cir. 2010) ("A corporation has dual bases for citizenship for diversity purposes: its state of incorporation, and the state where it has its principal place of business."); *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349-50 (11th Cir. 1997) (finding 28 U.S.C. § 1332(a)(2) applies only to permanent residents); *Assaf v. Trinity Medical Ctr.*, 696 F.3d 681, 685 n.1 (7th Cir. 2012) (stating that because the plaintiff was not admitted to the United States as a permanent resident, he was a citizen of the foreign state for purposes of diversity). Thus, complete diversity exists in this case.  The only remaining issue is the effect of Plaintiff's state court lawsuit on the statute of limitations.

4

B.    Statute of Limitations

Where federal jurisdiction is founded upon diversity of citizenship, the statute of limitations is governed by state law.  *Continental Cas. Co. v. City of Jacksonville, Fla.*, 283 F. App'x 686, 688 (11th Cir. 2008) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006).  This Court must look to Georgia law to determine whether the suit was validly commenced within the statute of limitations.  *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980); *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110-11 (1945); *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1233 (11th Cir. 1983).  Georgia law also governs whether the limitation period is tolled. *Shivers v. International Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 127 (11th Cir. 2008); *Cambridge Mut. Fire Ins. Co. v. Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983).

The State of Georgia has a "renewal" statute in place, O.C.G.A. § 9-2-61, which provides that if a case filed within the statute of limitations was dismissed or discontinued, a plaintiff may recommence the case in state or federal court within the later of the statute of limitations period or six months after the dismissal

5

or discontinuance.  O.C.G.A. § 9-2-61(a).  Thus, the renewal statute essentially provides a plaintiff with a six-month grace period if the statute of limitations has expired after the original case was dismissed.  *See Scott v. Muscogee Cty., Ga.*, 949 F.2d 1122, 1123 (11th Cir. 1992) ("The Georgia renewal statute provides that the statute of limitations is satisfied if a plaintiff files a valid action within the limitations period, that action is later dismissed, and the plaintiff files a new action (that would otherwise be time-barred) within six months of the dismissal."); *Goins v. City of Quitman*, No. 7:11-cv-117 (HL), 2012 WL 39638, at *2 (M.D. Ga. Jan. 9, 2012) ("In essence, the renewal statute grants plaintiffs a grace period of six months in which to refile a lawsuit that would otherwise be barred by the statute of limitations.").  The renewal statute only applies if the case has not been adjudicated on the merits, *Kimball v. KGB Transport*, 527 S.E.2d 233, 234 (Ga. Ct. App. 1999), and whether a lawsuit can be renewed after it has suffered a non-merits dismissal is also dictated by Georgia law.  *Roberts v. Georgia*, 228 F. App'x 851, 853 (11th Cir. 2007).

Here, Plaintiff's cause of action for negligence accrued on September 12, 2009, the date he was hit by the Walmart employee and suffered his injuries.  *See, e.g.*, *Aucoin v. Connell*, 209 F. App'x 891, 893 (11th Cir. 2006) (holding

AO 72A
(Rev.8/82)

negligence action based on car accident accrued on the date of the accident). According to Plaintiff, however, he filed what appears to be a valid lawsuit in state court on October 21, 2010, within the two-year statute of limitations. (*See* Doc. 21 at 15, Pl. Ex. No. 3). The state court dismissed that case for want of prosecution on May 14, 2012. (*See* Doc. 18, Attach. 1; Doc. 21 at 4). Plaintiff filed the instant federal suit on November 1, 2012, over three years after the original statute of limitations would have expired, but within six months after the dismissal of his state court case. (Doc. 1). This action therefore may be timely under Georgia's renewal statute. *See* O.C.G.A. § 9-2-61(a); *see also White v. KFC Nat'l Mgmt. Co.*, 493 S.E.2d 244, 245 (Ga. Ct. App. 1997) (indicating that the second lawsuit filed by Plaintiff after the trial court dismissed the first case for want of prosecution was in accordance with the renewal statute). Accordingly, in light of Plaintiff's *pro se* status, at this stage of the proceedings the undersigned cannot find that Plaintiff's negligence claim warrants a *sua sponte* dismissal as "lack[ing] an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100.

AO 72A
(Rev.8/82)

III.    Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's diversity action be **ALLOWED TO PROCEED** as any other civil action.

IV.    Instructions

The Clerk of Court is **DIRECTED** to send Plaintiff a USM 285 form and summons for Defendant.  Plaintiff is **DIRECTED** to complete a USM 285 form and summons for Defendant and return them to the Clerk within twenty (20) days from the date this Order is entered.  The Court warns Plaintiff that failure to comply in a timely manner could result in the dismissal of this action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant.  The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk with adequate first-class postage for the

8

Defendant's use in returning the waiver form, one (1) copy of the complaint, and one (1) copy of this Order.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail the service waiver packages to the Defendant. Defendant has a duty to avoid unnecessary costs of serving the summons. If the Defendant fails to comply with the request for waiver of service, Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant in accordance with the requirements of Rules 4(i)(2)(A) and 4(i)(2)(B) of the Federal Rules of Civil Procedure. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

9

Plaintiff is **DIRECTED** to serve upon Defendant or her counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or its counsel.  This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED to KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action.  Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Prisoner civil rights cases are automatically assigned to a zero-month discovery track. If either party determines that discovery is required, that party must, within thirty (30) days after a Defendant's first appearance, file a motion requesting a discovery period.

**IT IS SO ORDERED** this 18th day of February, 2014.

JUSTIN S. ANAND

10

UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)