IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JORGE ANTONIO TORRES a/k/a<br>MARTIN M. RINCON,<br><br>        **Plaintiff,**<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        **Defendant.** | 1:12-cv-3844-WSD |

**ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [29] ("R&R"), recommending that Defendant's Motion to Dismiss [28] this action for failure to obey a lawful Order of the Court be denied.

**I. BACKGROUND**[1]

On November 1, 2012, Plaintiff Jorge Antonio Torres a/k/a Martin M Rincon ("Plaintiff"), an inmate at a federal prison in Victorville, California, proceeding *pro se* and *in forma pauperis*, filed this personal injury action against

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Defendant Wal-Mart Stores, Inc. ("Defendant" or "Walmart"). In his Complaint, Plaintiff alleges that, on September 12, 2009, before he was incarcerated, he was injured in a Walmart store in Lithia Springs, Georgia when a Walmart employee struck Plaintiff's leg with a floor cleaning machine. He asserts state law claims for negligence against Walmart.[2]

On September 26, 2013, the Court ordered that Plaintiff file, on or before November 4, 2013, an Amended Complaint that expressly alleges why his claims are not time-barred. The Court also ordered that Plaintiff, in his Amended Complaint, assert facts sufficient to allege that the Court has subject matter jurisdiction over this matter. In its September 26, 2013 Order, the Court found that Plaintiff's Complaint did not properly allege the citizenship of the parties, so the Court could not determine whether it had subject matter jurisdiction over this action.[3]

On November 7, 2013, Plaintiff filed his Amended Complaint [21]. In the Amended Complaint, Plaintiff claimed that he did not have sufficient time to

---

[2] Plaintiff's claims accrued on September 29, 2009, the date he alleges that he was hit by the Walmart employee and suffered injuries. He was thus required to file his lawsuit on or before May 29, 2011. On October 21, 2010, Plaintiff filed a lawsuit in the state court, but it was dismissed for want of prosecution on May 14, 2012. On November 1, 2012, over three years after the original Statute of Limitations would have expired, but within six months after the dismissal of the state court case, Plaintiff filed this action pending before the court.
[3] The Court found that Plaintiff satisfied the amount in controversy because Plaintiff seeks $500,000 in compensatory damages.

2

respond to the Court's instructions because he did not receive the Order until October 24, 2013. On November 12, 2013, the Magistrate Judge found that Plaintiff made good faith efforts to comply with the Court's first set of instructions by providing additional information regarding why his state court lawsuit was timely filed, but Plaintiff did not assert facts sufficient to allege diversity jurisdiction. On November 12, 2013, the Magistrate Judge ordered that Plaintiff amend the Complaint within 30 days of the November 12, 2013, Order alleging the following facts: (1) where Plaintiff was domiciled immediately prior to being incarcerated; and (2) Walmart's principal place of business.

On November 25, 2013, the copy of the November 12, 2013, Order that the Clerk of Court mailed to Plaintiff was returned as undeliverable [26]. On that same day, the Clerk of Court re-mailed the copy of the November 12, 2013, Order. The Clerk of Court mailed the copy to Plaintiff's alias, Martin Montanez Rincon, instead of Jorge Antonio-Torres.

On December 9, 2013, Plaintiff filed an Amended Complaint and included a copy of the envelope, showing that the Clerk of Court mailed the November 12, 2013, Order, on December 2, 2013. Plaintiff asserts that the officer's initials on the mailing envelope confirm that Plaintiff received the order on December 9, 2013.

On February 18, 2014, the Magistrate Judge issued his R&R which

recommends that Walmart's Motion to Dismiss be denied.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

In light of Plaintiff's *pro se* status, the Court finds that Plaintiff produced sufficient evidence to show that he did not receive a copy of the November 12, 2013, Order until December 9, 2013. On December 11, 2013, two days after receiving the November 12, 2013, Order, Plaintiff submitted his Amended

Complaint.[4]  Plaintiff also asserts that "the prison was on lock-down status at the time [he] received this correspondence, and (still) remains on high alert due to a murder in another unit, thus [his] inability to research or to type his response." Despite his untimely receipt of the November 12, 2013, Order and the alleged conditions in prison, Plaintiff made a good faith effort to present facts that show where he was domiciled immediately prior to being incarcerated.  Plaintiff submitted medical bills, bank statements, and a health insurance claim form to show that he was domiciled in Lithia Springs, Georgia.  Plaintiff also asserted that Walmart has its principal place of business "in the state of Arkansas, United States of America, despite being a citizen of Delaware, Georgia, California, and hundreds of other locations" pursuant to the Court's order.[5]  The Court finds this *pro se*

---

[4] Although the Clerk's Office filed Plaintiff's Amended Complaint as received on December 30, 2013, the Court notes that "[u]nder the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing.  Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)); see also Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court finds that Plaintiff's Amended Complaint was delivered to prison authorities on December 11, 2013, the day it was signed.

[5] After doing a frivolity rule, the Magistrate Judge allowed this action to proceed because he found that completely diversity exists, and the Court thus has subject matter jurisdiction over this matter.  The Magistrate Judge also found that Plaintiff's action was timely under Georgia's renewal statute because Plaintiff filed this action within six months after the dismissal of his state court case.

5

Plaintiff presented a reasonable excuse to justify the late filing of his Amended Complaint, and Defendant's Motion to Dismiss should be denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [29] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [28] is **DENIED.**

**IT IS SO ORDERED** this 2nd day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE