# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JORGE ANTONIO TORRES a/k/a | : | |
| MARTIN MONTANEZ RINCON, | : | DIVERSITY |
|     Plaintiff, | : | 28 U.S.C. § 1332 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-3844-WSD-JSA |
| WALMART STORES, INC., | : | |
|     Defendant. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

In this Court's September 18, 2014, Order, the Court extended the discovery period through November 19, 2014. (Doc. 45). Under the Court's local rules, the pretrial order was due to be submitted within thirty (30) days, or by December 19, 2014. *See* L.R. 16.4, N.D. Ga. Plaintiff, who is proceeding *pro se*, did not file the required pretrial order.

Plaintiff, who was incarcerated at the time, claimed that he never received a copy of that September 18, 2014, Order that extended discovery. (Doc. 51). A failure to receive the September 18 Order did not directly explain the failure to file the pretrial order, however, because had there been no such discovery extension the pretrial order would have been due even earlier than December 19, 2014. Nevertheless, based on Plaintiff's statement, the Court entered an Order on

January 29, 2015 that allowed for the filing of the pretrial order up through March 3, 2015, more than two months after it was otherwise due, and directed the Clerk to send each party a form pretrial order. (Doc. 52). This mailing, however, was also returned as undeliverable (Doc. 54), apparently because Plaintiff had been released from custody. Because Plaintiff promptly informed the Court of a change of address, the undersigned did not recommend dismissal for failure to update his address at that time. Rather, the Clerk re-mailed the document, including the January 29 Order, to Plaintiff at his new address. (Doc. 54). This mailing has never been returned as undeliverable.

In the meantime, Defendant requested and the Court granted a telephonic status conference with the parties due to the difficulties Defendant and the Court had encountered in trying to communicate with Plaintiff. (Doc. 55). To that end, the Court held a telephonic status conference on February 17, 2015, during which the parties indicated that they were close to a settlement and just needed to finalize the paperwork. (Doc. 56). The Court reminded the parties that the pretrial order was due to be filed but, based on the information presented by the parties during the teleconference, the Court again extended the deadline for the pretrial order to March 17, 2015, and scheduled a follow-up status conference to be held on March

3, 2015. (*Id.*). The minute entry that memorialized this hearing was mailed to Plaintiff, and has not been returned as undeliverable. On March 3, 2015, the parties continued to report that they may settle but that no settlement had yet been reached. (Doc. 57). At that time, the Court reminded the parties that the pretrial order submissions were due from both parties on March 17, 2015, and that a failure to file those materials could result in dismissal of this case or entry of default. (*Id.*).

Defendant filed its portion of the proposed pretrial order on March 16, 2015 [Doc. 58]; however, as of this date, Plaintiff has not submitted his proposed pretrial order materials to the Court.

Although Plaintiff is proceeding *pro se*, without benefit of counsel, a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The undersigned has extended the due date for the pretrial order twice and has also specifically reminded Plaintiff of his need to file a pretrial order on multiple occasions, in telephonic conferences and written Court orders. The Court even went so far as to have the Clerk mail a copy of the form pretrial order to Plaintiff (Docs. 55, 56), which was an accommodation to Plaintiff's *pro se* status that was

3

not required. Nevertheless, after all of these efforts and specific orders, Plaintiff has still not submitted his pretrial order materials.

**IT IS THEREFORE RECOMMENDED** that the instant case be **DISMISSED** without prejudice under L.R. 41.3, N.D. Ga. for Plaintiff's failure to prosecute and for failure to obey a lawful court order.

**IT IS SO RECOMMENDED** this 19th day of March, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)